SMITH, Circuit Judge,
concurring:
I concur in the judgment of the court and in the majority’s analysis of every *313 issue except its conclusion that portions of the lay opinion testimony of officers Gomez and Scartozzi were improperly admitted. The majority holds that much of the lay opinion testimony of both officers was improper because it was not helpful to the jury as required by Federal Rule of Evidence 701.1 disagree and thus write separately on this issue.
Lay opinion testimony is admissible as long as it is “(a) rationally based on the witness’s perception; (b) helpful to clearly understanding the witness’s testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.” Fed. R. Evid. 701. In Asplundh Manufacturing Division v. Benton Harbor Engineering, we held that “[t]he prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, ... sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences.” 57 F.3d 1190, 1196 (3d Cir. 1995).
I believe the testimony elicited from both officers was very probative and helped the jury assess the quality and thoroughness of the officers’ investigation in this case. This is a crucial issue given Fulton’s argument at trial that the police bungled their investigation by too quickly ruling out other potential suspects. Fulton specifically suggested that his neighbor Mr. Barnes — a man of similar height and (somewhat) similar stature — could have been the bank robber. In light of the GPS evidence'presented in this case placing the tracker in the building where both men lived, this appears to-have been Fulton’s best defense. In response to this claim, the prosecution elicited testimony from the two officers who conducted'the investigation to show — as the questioning made clear — why the elimination of Barnes as a suspect was based on sound police work and was certainly not “hasty.”[1]
Indeed, we look no further than the beginning of the prosecution’s key line of questioning, which begins with a very relevant query: “why did you [officer Scartozr zi] eliminate [Barnes]” as a suspect? In response, Scartozzi explained that he eliminated Barnes because (1) “Ricardo Barnes did not match the physical descriptors of the bank robbery,” (2) Barnes’ phone data shows that ”he received a call at the exact time as the robbery, and (3) “Sprint PCMD data indicated that during the time of the bank robbery ... [Barnes] was not near the bank,” This testimony helped the jury determine whether Scartozzi’s investigation of Barnes was sufficiently thorough.
The majority rejects this position and instead contends that this, testimony, did not just “shed light on the thoroughness” of the police investigation but instead “provided a definitive interpretation of a crucial disputed fact — whether Barnes could have committed the robbery.” I fully acknowledge that when “the jury has before it the same circumstantial evidence ... on which a witness bases an opinion concerning a defendant’s knowledge, testimony from a witness .... [on that issue] usually will not meet Rule 701(b)’s helpfulness requirement,” United States v. Anderskow, 88 F.3d 245, 250 (3d Cir. 1996).That, however, is not the case here. The officers’ testimony addressed an issue solely within the knowledge of the officers’ themselves: how thorough was their investigation? They alone could offer testimony as to the steps they took in ruling out Barnes as a suspect.
*314 As we have explained on several occasions, the Federal Rules of Evidence suggest a “generally liberal approach to the admissibility of evidence.” In re Unisys Sav. Plan Litig,, 173 F.3d 145, 167 (3d Cir. 1999); see also Forrest v. Beloit Corp., 424 F.3d 344, 355 (3d Cir. 2005) (“Under the Federal Rules of Evidence, subject to certain limitations, all evidence is admissible if it is relevant.”). I thus believe that admission of this testimony better comports with both the general admissibility standards laid out in the federal rules and our long-held view that “[t]he modern trend favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.” Teen-Ed, Inc. v. Kimball Int'l Inc., 620 F.2d 399, 403 (3d Cir. 1980); see also Lamia v. Nat’l R.B. Passenger Corp., 145 F.3d 593, 600-01 (3d Cir. 1998) (“As long as the circumstances can be presented with greater clarity by stating an opinion, then that opinion is helpful to the trier of fact.” (internal citations and quotation marks omitted)).
I similarly take issue with the majority’s suggestion that the testimony here could have been admitted if Officer Scartozzi had stated that he discounted Barnes as a suspect because he assumed Barnes was on the phone based on the evidence he considered. This minor tweak seems to be of little legal significance as here it was certainly clear to the jury based on the testimony elicited — and indeed it was made crystal clear on cross-examination — that Scartozzi never physically saw Barnes talking on the phone at some other location while the robbery was taking place at the PNC Bank. Instead, the jury was made aware through his testimony that Scartozzi could only have assumed (or rather, inferred) that Barnes was on the phone during the robbery based on his review of the phone logs. Whether this was a proper inference was a contested issue for the jury to decide. I would thus have concluded that Scartozzi’s statement: “Barnes was on the phone during the robbery” was sufficiently similar to (and really, mere shorthand for) the more precise statement: “my investigation led me to infer that Barnes was on the phone during the robbery,” for us to conclude that the testimony given was appropriate.
Accordingly, I would have upheld the District Court’s admission of the officers’ lay opinion testimony. That said, I concur in the judgment.

. Whether this was, .in fact, a thorough inves■tigation was a question left for the jury.-